**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

THOMAS BARTKO,

                        **Plaintiff,**                        1:13-cv-373
                                                              (GLS/ESH)

                              v.

**COMMISSIONER OF SOCIAL
SECURITY,**

                        **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Office of Peter M. Margolius<br>7 Howard Street<br>Catskill, NY 12414 | PETER M. MARGOLIUS, ESQ. |
| **FOR THE DEFENDANT:**<br>HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>Syracuse, NY 13261 | ELIZABETH D. ROTHSTEIN<br>Special Assistant U.S. Attorney |
| Steven P. Conte<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Thomas Bartko challenges defendant Commissioner of Social Security's denial of Disability Insurance Benefits (DIB), seeking review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) In a Report and Recommendation (R&R) filed September 5, 2014, Magistrate Judge Earl S. Hines recommended that the Commissioner's decision be affirmed. (Dkt. No. 13.) Pending are Bartko's objections to the R&R. (Dkt. No. 14.) For the reasons that follow, the court adopts the R&R in its entirety.

## II. Background[1]

On November 22, 2010, Bartko filed an application for DIB under the Social Security Act. (Tr.[2] at 52, 101-07.) After his application was denied, Bartko requested a hearing before an Administrative Law Judge (ALJ), which was held on January 31, 2012. (*Id.* at 31-50, 55-66, 67.) On February 22, 2012, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 1-6, 15-30.)

---

[1] The court incorporates the factual recitations of the parties and Judge Hines. (*See generally* Dkt. Nos. 10, 11, 13.)

[2] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 8.)

2

Bartko commenced the present action by filing a complaint on April 4, 2013, seeking judicial review of the Commissioner's determination. (Compl.)  After receiving the parties' briefs, Judge Hines issued an R&R recommending that the Commissioner's decision be affirmed.  (*See generally* Dkt. No. 13.)

### III.  <u>Standard of Review</u>

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition.  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18.  Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge.  If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006).  In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the

3

magistrate judge for clear error. *See id.* at *4-5.

## IV. <u>Discussion</u>

In the R&R, Magistrate Judge Hines found that any error in failing to weigh the "ultimate-issue, workers' compensation opinion of total-disability" made by treating physician Stewart Kaufman was, at most, harmless. (Dkt. No. 13 at 11-15.) Judge Hines concluded that Dr. Kaufman's earlier statements that Bartko was totally disabled[3] could not fairly be understood to mean that he was unable to perform any work activity, given Dr. Kaufman's March 2008 opinion that Bartko retained the ability to perform sedentary work, which was rendered after Bartko's condition had worsened and after Bartko's date last insured.[4] (*Id.*) Instead, according to Judge Hines, Dr. Kauffman's earlier opinions must be interpreted to mean that Bartko could no longer perform his past relevant work,[5] which is consistent with the ALJ's step four finding. (Dkt. No. 13 at 13-14; Tr. at 26.) In objecting to the R&R, Bartko continues to argue that the ALJ failed to

---

[3] Dr. Kaufman opined that Bartko was "totally disabled" from January 23, 2003 through August 11, 2006. (Tr. at 158, 160, 162-63, 165-74.)

[4] Bartko was last insured December 31, 2006. (Tr. at 20.)

[5] Bartko worked as a maintenance worker, which required heavy lifting, cutting limbs, picking up leaves, using a jackhammer, and driving a snowplow. (Tr. at 26.)

4

accord adequate weight to the opinion of Dr. Kaufman. (Dkt. No. 14 at 1.) In particular, Bartko argues that Dr. Kaufman's March 2008 opinion indicates that Bartko cannot perform sedentary work and, thus, does not support Judge Hines' conclusion regarding Dr. Kaufman's "total disability" opinions. (*Id.* at 1-2.) As this is a specific objection to the R&R, the court will review it *de novo*.

Bartko's objection relies on a "worker's compensation" form report completed by Dr. Kaufman on March 18, 2008. (*Id.* at 1.) There are three copies of this form report, dated March 18, 2008 and completed by Dr. Kaufman, in the record. (Tr. at 198, 223-24, 257.) On all three copies of the form, Dr. Kaufman indicated that Bartko had a "marked" or seventy-five percent loss of ability. (*Id.*) On two copies of the form, Dr. Kaufman answered "no" to the question "[c]an the patient do any type of work." (*Id.* at 198, 257.) Nevertheless, on all three forms, Dr. Kaufman answered "sedentary" to the subsequent question, "if 'yes' describe" what work the patient can do. (*Id.* at 198, 223-24, 257.) Thus, the court finds no error in Judge Hines' conclusion that the opinion of Dr. Kaufman, more than one year after Bartko's date last insured and after his condition worsened,

supports the ALJ's residual functional capacity (RFC) determination.[6] Accordingly, the court concurs in Judge Hines' assessment that, even if the ALJ erred in failing to weigh Dr. Kaufman's opinions, remand is not required here. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("[W]here application of the correct legal principles to the record could lead to only one conclusion, there is no need to require agency reconsideration.").

Having addressed Bartko's specific objection *de novo*, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Hines' R&R in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Earl S. Hines' September 5, 2014 Report and Recommendation (Dkt. No. 13) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Bartko's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

---

[6] The ALJ found that, through the date last insured, Bartko retained the RFC to perform the full range of sedentary work. (Tr. at 23.)

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 30, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court